Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO #714916)
Abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:     (401) 209-2029
Facsimile:     (401) 217-2299

*Attorneys for Plaintiff*
*Robin Wilmar Sales*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBIN WILMAR SALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YAMIS LANDSCAPING AND CONSTRUCTION, INC., *alias*, ELDER ZAPET MACARIO, *and* EVELYN PEREZ BOJ.<br><br>　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq*.;**<br>2. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A, 1B *et seq*., and**<br>3. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

### TABLE OF CONTENTS

<strong>Page</strong>

SUMMARY OF THE ACTION ........................................................................................1

PARTIES .....................................................................................................................1

JURISDICTION ...........................................................................................................2

VENUE ........................................................................................................................2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS.................................3

    Mr. Wilmar Sales Was Employed as a Laborer for Defendants for Approximately Three Years...........................................................................3

    The Defendants Unlawfully Withheld Wages from Mr. Wilmar Sales ........................................................................................................3

    Defendants Constitute Joint Employers.....................................................3

    Defendants' General Employment Practices .............................................5

CLAIMS FOR RELIEF ................................................................................................5

PRAYER FOR RELIEF ...............................................................................................7

DEMAND FOR JURY TRIAL .....................................................................................8

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

## SUMMARY OF THE ACTION

1.      Plaintiff Robin Wilmar Sales ("Plaintiff") brings this action against Yamis Landscaping and Construction, Inc., Elder Zapet Macario, and Evelyn Perez Boj ("Defendants"), to assert his rights and remedy grave and rampant violations committed by Defendants over the course of several years. Plaintiff is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A, 1B *et seq*.; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff hereby alleges as follows:

## PARTIES

2.      Plaintiff, Robin Wilmar Sales, is a Resident of Massachusetts.

3.      At all times relevant herein, Plaintiff was employed by Defendants in the Commonwealth of Massachusetts.

4.      Defendant Yamis Landscaping and Construction, Inc. is a Domestic Profit Corporation with a principal office located at 31 Chestnut Street, Hopkinton, MA 01748. Its Registered agent is Elder Zapet Macario located at 31 Chestnut Street, Hopkinton, MA 01748.

5.      Defendant Elder Zapet Macario is an individual believed to be a resident of Hopkinton, MA.

6.      Defendant Evelyn Perez Boj is an individual believed to be a resident of Hopkinton, MA.

7.      At all times relevant, Defendants were Plaintiff's "employers" within the meaning of all relevant statutes.

8.      Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

9.      Defendants, both separately and jointly, are believed to have had a gross annual

volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

10.    At all relevant times, Defendants and/or their enterprise were engaged in commerce or in an industry or activity affecting interstate commerce. For instance, numerous items used daily in the workplace were goods produced outside the State of Massachusetts and transported across state lines specifically for Defendants to use in their business operations. Defendants also routinely conducted business across state lines.

## JURISDICTION

11.    The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Plaintiff asserts claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

12.    The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

13.    The United States District Court for the District of Massachusetts has personal jurisdiction over Defendants because they have a principal place of business within this District, and they have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

14.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

COMPLAINT

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

15.     Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District. Furthermore, Plaintiff was employed in this District.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**Mr. Wilmar Sales Was Employed as a Laborer for Defendants for Approximately Three Years.**

16.     Plaintiff was hired by Defendants as a laborer on or around July 2021 earning approximately $24 an hour.

17.     Throughout the course of his employment, the Plaintiff regularly worked up to as many as 70 hours per week, far exceeding the standard 40-hour workweek.

18.     Despite working over 40 hours each week and averaging more than 20-30 hours of overtime on a regular basis, Mr. Wilmar Sales was not properly compensated for overtime.

19.     In fact, Defendants paid Mr. Wilmar Sales at the regular rate of $24 per hour—and not the overtime premium—for all the hours worked each week.

**The Defendants Unlawfully Withheld Wages from Mr. Wilmar Sales**

20.     On or around August 26, 2024, Defendants Mr. Wilmar Sales ended his employment with Defendants due to an accumulation of unpaid wages.

21.     At the time of this action, Defendants owe approximately $5,000 in unpaid straight wages, not inclusive of any overtime.

**Defendants Constitute Joint Employers**

22.     Defendants operate a landscaping business in Massachusetts.

23.     All Defendants collectively possess operation control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24.     Defendants are associated and are joint employers, act in the interest of each other

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

with respect to employees, like Plaintiff paid by the same method, and shared control over employees.

25.    Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

26.    Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA, Massachusetts Payment of Wages Act, and Massachusetts Minimum Fair Wages Act.

27.    In the alternative, Defendants constitute a single employer of Plaintiff.

28.    Upon information and belief, Individual Defendants, Elder Zapet Macario, and Evelyn Perez Boj, operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

COMPLAINT

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

h) Other actions evincing a failure to adhere to the corporate form.

**Defendants' General Employment Practices**

29.     At all times to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without paying them appropriate overtime premium as required by federal and state laws.

30.     Plaintiff was a victim of Defendants' common policy and practices which violate their rights under the FLSA and Massachusetts labor laws by not paying them the wages they are owed for the hours worked.

31.     Upon information and belief, these practices by Defendants were done willfully to avoid paying Plaintiff properly for his full hours worked.

32.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and state laws.

33.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

## CLAIMS FOR RELIEF

34.     Plaintiff realleges and incorporates by reference paragraphs 1 through the immediately preceding paragraph as if fully set forth herein.

### First Claim for Relief

*Failure to Pay Overtime Wages – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

35.     Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff overtime premium for the hours worked in excess of 40 in a week in violation of the FLSA, 29 U.S.C. § 207. Under the FLSA, an employer found guilty of violating the statutory provisions therein, like section 207,

COMPLAINT

is liable for liquidated damages, which is an additional amount equal to the owed amount. *See* 29 U.S.C. § 216(b).

## Second Claim for Relief

### *Failure to Pay Overtime Wages – Massachusetts Minimum Fair Wages Act,*

### *Mass. Gen. L. c. 151, § 1A, 1B*

36.     Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff for the hours worked in excess of 40 in a week, at the overtime premium, in violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A, 1B. Under this Act, Plaintiff should have been paid the overtime premium for each overtime hour worked in a week. Per the Wage Act, an employer is liable for triple damages and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

## Third Claim for Relief

### *Failure to Pay Minimum Wage – Fair Labor Standards Act,*

### *29 U.S.C. § 201 et seq.*

37.     Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff any wage whatsoever for the final workweek of his employment. Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a). Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Fourth Claim for Relief**

*Non-Payment of Wages – Massachusetts Payment of Wages Act,*

*Mass. Gen. L. c. 149 § 148 et seq.*

38.    Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Mr. Wilmar Sales his earned wages in violation of the Massachusetts Payment of Wages Act, Mass. G. L. c. 149 § 148. Under this Act, employees who are terminated must be paid in full on the day of discharge. At the very latest, wages must be paid within six days after the end of the pay period in which the wages were earned. *Id.* The Act further prohibits an employer from withholding earned wages based on their own unilateral decision to apply a wage set-off. Mass. Gen. L. c. 149 § 150. Per the Wage Act, an employer is liable for triple damages and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

**Fifth Claim for Relief**

*Failure to Pay Minimum Wage – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. L. c. 151 § 1&7*

39.    Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Mr. Wilmar Sales for all hours worked during his final week of work at an hourly rate at least equal to the applicable Massachusetts minimum wage then in effect also in violation of Mass. Gen. Laws ch. 151 §§ 1, 7.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A, 1B *et seq.*, and

COMPLAINT

the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

B. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

C. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiff whole for all earnings and benefits Plaintiff would have received but for the violations.

D. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Plaintiff is entitled.

E. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: July 24, 2025

**ODU LAW FIRM, LLC**

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
Ana Barros, Esq. (BBO #714916)
Abarros@odulawfirm.com
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEYS FOR
PLAINTIFF,
ROBIN WILMAR SALES**

COMPLAINT